IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| **Robin E. Winters,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:23 -cv -333 |
| | ) | |
| **Reynolds American Inc., Aetna Life Insurance Company and The Hartford Financial Services Group, Inc.,** | ) ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Robin E. Winters, through Counsel, files this Complaint against Defendants, and asserts claims against Defendants for breach of the Employer Retirement Income Security Act of 1974 ("ERISA") due to denial of short-term disability benefits pursuant to an Employee Benefits Plan governed by ERISA, and alleges the following:

## PARTIES

1. Robin E. Winters is a citizen and resident of Yadkin County, North Carolina, above the age of majority and under no legal disability.

2. Defendant Reynolds American Inc. is, upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of North Carolina. The Registered Agent for said Defendant is Corporation Service Company, located at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

3. Defendant Aetna Life Insurance Company is a corporation organized and existing pursuant to the laws of the State of Connecticut. The Registered Agent for this Defendant is C T CORPORATION SYSTEM, located at 67 Burnside Avenue, East Hartford, CT 06108-3408. Said Defendant, which is domiciled in Connecticut, is licensed as a foreign insurance company in North Carolina.

4. Upon information and belief, Defendant Aetna Life Insurance Company incorporated in the State of North Carolina on December 22, 2022, upon information and belief, as a business registration in the State of North Carolina. The incorporation reflects the corporation's name to be Aetna Life Insurance Company, and in the event the incorporation of this corporate entity involves a transfer of assets, liabilities, duties and obligations of Aetna Life Insurance Company incorporated in the State of Connecticut, as

a successor, said Defendant, in the event such is a separate entity from the corporate entity described in paragraph 3 of this Complaint, is named as a Defendant. The principal office for this North Carolina incorporated entity is 151 Farmington Avenue in Hartford, CT. The Registered Agent for said Defendant is CT Corporation System, which is located, at 160 Mine Lake Court, Suite 200, Raleigh, NC 27615 .

5. Defendant The Hartford Financial Services Group, Inc. (hereinafter "The Hartford") is, upon information and belief, a corporation duly organized pursuant to the laws of the State of Connecticut. The Registered Agent for said Defendant is C T CORPORATION SYSTEM, located at 67 Burnside Avenue, EasT Hartford, CT 06108-3408.

## JURISDICTION AND VENUE

6. This Action arises under the Employment Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. Sections 1132(1)(e)(f) and (g) as well as 28 U.S.C. Section 1331, as this Action involves a Federal Question and a claim asserted by Plaintiff for employee benefits, specifically, short-term disability income benefits, under an employee benefit plan regulated and governed under ERISA. This Complaint is being filed pursuant to Section 502 (a) of ERISA, as well as any other Sections providing authority to file a Complaint for alleged ERISA violations.

7. Venue is proper in the Middle District of North Carolina, pursuant to the provisions of 29 U.S.C. Section 1132 (e)(2), as a substantial part of the events that give rise to Plaintiff's claims arose in the Middle District of North Carolina, one or more of the breaches complained of in this Complaint occurred in the Middle District of North Carolina and Plaintiff is a citizen and resident of a county located in the Middle District of North Carolina.

## FACTS

8. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs1 through 8 of this Complaint as if fully set forth herein.

9. Plaintiff was a long-time full-time employee of Defendant Reynolds American Inc., and as such, eligible for participation in The Short-Term Disability Income Plan, which is part of the Reynolds American Omnibus Welfare Benefits Plan (Omnibus Plan), which is governed by ERISA.

10. Upon information and belief, the Short-Term Disability Plan was administered by Defendant Reynolds American Inc., for the initial stages of Plaintiff's submission of a short-term disability income claim to determine eligibility. The in-house Plan Administrator for Defendant Reynolds American Inc. is the RAI Employee Benefits Committee. A representative of the RAI Employee Benefits Committee deferred Plaintiff's claim to a representative of Aetna Life Insurance Company (hereinafter "Aetna") for the purpose of evaluating Plaintiff's claim for benefits, and to review Plaintiff's medical documentation to determine disability under the plan, and Plaintiff's

inability to perform his usual duties pursuant to his employment. Aetna was the insurance carrier providing short-term disability coverage through Plaintiff's employer's Plan.

11. Plaintiff developed a medical condition that precluded Plaintiff's ability to work, and Plaintiff reported / submitted a Short-Term Disability claim to on August 20, 2019. The last date Plaintiff worked was August 23, 2019, and Plaintiff's first Date of Absence due to his medical disability was August 26, 2019.

12. Plaintiff submitted numerous documents in support of his short-term disability claim to a representative of Defendant Aetna. and also executed authorizations allowing a representative of Defendant Aetna to obtain medical records, as well as other information pertaining to Plaintiff's condition, in order to evaluate Plaintiffs short term disability claim.

13. Defendant Aetna ultimately denied Plaintiff's claim for short term disability benefits.

14. Plaintiff timely perfected an appeal of the decision made by Defendant Aetna denying short term disability benefits, and the appeals process was assigned to Defendant The Hartford.

15. The short-term disability plan at issue defined Disability, and the Definition of Disability, contained in the Plan, stated "… you will be deemed to be disabled if you are not able, solely because of pregnancy, illness, or injury, to perform the material duties of your own occupation".

16. In order to be eligible to receive short term disability benefits, a claimant is required to be a full-time employee of Reynolds American Inc., of which Plaintiff qualified. As of the date of the onset of Plaintiff's medical conditions rendering Plaintiff disabled, Plaintiff had been employed by Defendant Reynolds American Inc. on a full-time basis for approximately forty-three (43) years.

17. Plaintiff suffered from anxiety, insomnia, irritability, nervousness and panic attacks. Plaintiff also developed elevated blood pressure. The medical symptoms developed by Plaintiff caused Plaintiff difficulty in interacting with management and coworkers while at work. Plaintiff further developed additional symptoms of gastrointestinal issues, and Plaintiff's symptoms progressed to what was diagnosed as an "Adjustment Disorder, with mixed emotions". The anxiety that developed with Plaintiff kept him from being able to perform his usual material duties required of his job position.

18. Plaintiff's medical conditions developed outside of work, however due to the nature of the medical conditions Plaintiff suffered from, the symptoms were exacerbated by the work environment, rendering Plaintiff unable to perform usual material duties required of his job description.

19. The Human Resources Department of Defendant Reynolds American Inc. reviewed Plaintiff's situation, and recommended Plaintiff to pursue a short-term disability leave, which was ultimately denied by the Plan insurance carrier.

20. Plaintiff's disabilities did not result from a specific traumatic incident or any other occupational disease, injury or illness subject to the North Carolina Workers Compensation Act. Further, the medical conditions sustained by Plaintiff, rendering Plaintiff unable to work, were non-occupational illnesses.

21. Plaintiff timely perfected his appeal of the denial of short-term disability benefits, and provided all information requested from the representative handling Plaintiff's appeal employed by The Hartford.

22. Subsequent to review of information requested by The Hartford, a representative of The Hartford forwarded correspondence to Plaintiff's Counsel, dated April 21, 2020, providing a statement that said entity agreed with the initial decision to deny short term disability benefits, and represented the content of said correspondence to constitute a final appeal decision.

23. The final appeal decision correspondence provided an advisement that in the event Plaintiff did not agree with the denial decision, that Plaintiff could institute a lawsuit under Section 502 (a) of ERISA. The correspondence goes further to state Plaintiff would have through April 21, 2023 to file a lawsuit under ERISA.

24. Although the final appeals decision correspondence is dated April 21, 2020, such was not received by Plaintiff's Counsel until late April 2020.

25. Requesting further review and / or an extension of the appeal process on behalf of Plaintiff would have been a futile act.

26. Plaintiff seeks a ruling from the Court declaring the actions of all Defendants, specifically Defendant The Hartford, to be in violation of Sections of ERISA governing short term disability payments through employer sponsored plans.

27. In support of said allegation, Plaintiff shows the Court the following:

    a. Defendant The Hartford did not fully evaluate all materials forwarded to said entity by and on behalf of Plaintiff;

    b. In obtaining an independent medical opinion, Defendant The Hartford did not utilize a medical provider of the appropriate discipline to review the medical opinions supporting disability already provided by Plaintiff's Counsel;

    c. The decision rendered by Defendant The Hartford. constitutes a capricious and arbitrary decision, not based upon documented medical conditions of Plaintiff which precluded Plaintiff from performing his usual duties of employment.;

d. Defendant The Hartford failed to conduct an adequate investigation with management and co-workers of Plaintiff to confirm Plaintiff's inability to preform material duties incident to his employment;

   e. Plaintiff reserves right to offer additional evidence of breach of ERISA provisions by Defendants at trial.

28. Plaintiff seeks a *de novo* review of the documents submitted by and on behalf of Plaintiff to Defendants Reynolds American Inc., Aetna and The Hartford, to determine if Plaintiff's claim received a lawful evaluation and analysis, whether the decision to deny benefits was based on competent medical evidence obtained by Defendant The Hartford and to determine if the actions of all Defendants complied with Sections of ERISA governing evaluations of short-term disability plans.

29. Plaintiff further seeks an Order from the Court that Defendants violated provisions of ERISA, and that Plaintiff is entitled to receipt of shirt-term disability benefits pursuant to the short-term disability policy issued through Defendant Aetna, and for Plaintiff to receive a lump sum payment of the amount Plaintiff was entitled to have received in weekly payments due to his short-term disability, and for an Order to be entered that in the event Plaintiff qualifies to submit a claim for Long-Term Disability Benefits, pursuant to the Plan in effect through Plaintiff's employer, that Plaintiff be allowed to do so.

WHEREFORE, Plaintiff prays the Court for the following relief:

1. For the Court to conduct a *de novo* review of all documents submitted by and on behalf of Plaintiff to Defendants for review in determining short term disability benefits eligibility, as well as documents obtained by Defendants utilized for the purpose of determining eligibility for Plaintiff to receive short term disability benefits;

2. For the Court to enter an Order that Defendants breached applicable provisions of ERISA, and wrongfully denied Plaintiff short term disability benefits;

3. For Plaintiff to have and recover a lump sum award of the amount of short-term disability benefits the Court determines Plaintiff was entitled to receive, and for the Court to issue a further Order that in the event Plaintiff qualifies under Plaintiff's employer's Plan, to be able to submit a claim for long-term disability benefits.

4. For Plaintiff to have and recover a reasonable attorney's fee incurred in the prosecution of this Action;

5. For the cost of this Action to be taxed against Defendants; and

6. For any and all further relief the Court may deem just and proper.

This the 20th day of April, 2023.

By /s/ Robert B. Laws
Robert B. Laws
N.C. State Bar No.: 12766
The Laws Law Firm, P.C.
119 Brookstown Ave. Suite 201
Winston-Salem, NC 27101
Telephone: 336-714-9063
Fax: 336-893-9523
E-mail: robertblaws@gmail.com
*Counsel for Defendant Robin E. Winters*